[No. 784. Decided December 12, 1892.]

LOUIS M. SMITH, *an infant, by Knut O. Smith, his guardian, Respondent,* v. JOHN ARTHUR, *Appellant.*

[No. 785. Decided December 12, 1892.]

*In the matter of the Guardianship of* SEYMOUR WETMORE.

[No. 787. Decided December 12, 1892.]

FRANK LADOUCEUR, *Respondent,* v. NORTHERN PACIFIC RAILROAD COMPANY, *Appellant.*

APPEAL — FAILURE TO FILE TRANSCRIPT — EXCUSABLE DELAY.

Section 1419, Code Proc., providing that "when the failure to file the transcript is owing to . . . circumstances over which the appellant has no control, the court shall not dismiss the cause, but shall fix such time for hearing the same as will insure a fair trial," should be liberally construed; and where any delay or omission on

the part of appellant is shown by the circumstances to have been fairly excusable, his appeal will not be dismissed.

Until the circumstances showing that the delay has been excusable are made to appear, the respondent may bring up a short record and rightfully urge his motion to dismiss the appeal, and, upon denial of his motion, such terms will be imposed as may be thought reasonable, under all the circumstances, to compensate him for his expense and labor in bringing such short record and pressing his motion founded thereon.

*Appeals from Superior Court, King County.*

No. 784 — *Thompson, Edsen & Humphries*, for appellant. *Jacobs, Jenner, Legg & Jacobs*, for respondent.

No. 785 — *Winsor, Farwell & Morris*, for appellant. *Snell & Johnston*, and *Fred H. Peterson*, for respondent.

No. 787 — *Ashton & Chapman*, and *Andrew F. Burleigh*, for appellant. *Bausman, Kelleher & Emory*, for respondent.

The opinion of the court was delivered by

Hoyt, J.—These cases were all brought here by respondents on short records, and motions duly made to dismiss the appeals, or affirm the judgments, for the reason that the transcripts were not filed within the time required by the statute. Appellants appeared to such motions and presented affidavits by which they sought to excuse the delay in filing the transcripts. These affidavits, of course, were not similar in the several cases, but they all raise substantially the same question, and as to whether or not they should be held sufficient depends upon the construction to be given to the language of § 1419, Code of Procedure. Such section provides that "when the failure to file the transcript is owing to the fault or omission of the clerk of either the appellate or inferior court, or other circumstances over which the appellant has no control, the court shall not dismiss the cause, but shall fix such time for hearing the

same as will insure a fair trial.'' If we construe the clause,
''or other circumstances over which the appellant has no
control,'' to be absolute and mandatory, then no inadvert-
ence or mistake on the part of the appellant would authorize
us to grant any relief.     If we construe such clause to mean
that it must be such a circumstance as was absolutely be-
yond the control of appellant, however diligent he might
be, then, of course, his inadvertence, or mistake, however
overwhelming or excusable, could not avail him in the least.

We think such a technical and hard construction of the
language here used would not consist with the policy of the
legislation upon the subject of appeals.     From the begin-
ning to the end of the legislation in regard thereto, the in-
tention of the legislature to provide an easy way for the
aggrieved party to come to this court, and have his cause
heard upon the merits, regardless of technical objections,
is everywhere apparent.     And to hold that the slightest
delay in the filing of the transcript could not be relieved
against by this court, if the delay was caused by the neglect
of the appellant, however strongly the circumstances showed
that such delay was entirely excusable, would illy harmon-
ize with other provisions upon the subject of appeals.
Under all the legislation upon this subject we think it our
duty to construe the language of this section liberally, to
the end that appeals may be heard here upon their merits
whenever it appears to us that there has been from the be-
ginning a *bona fide* intention on the part of the appellant
to bring his case here for that purpose, and any delay or
omission on his part is shown by the circumstances to have
been fairly excusable.     But while this is true, we, of course,
cannot lose sight of the rights of the respondent.     So soon
as the default has been made on the part of the appellant,
respondent has the right to come here with his short record,
and ask the relief of this court.     And, until the circum-
stances showing that the delay has been excusable are made

to appear in the cause, he is rightfully urging his motion to dismiss the appeal, or affirm the judgment. It follows that he must be protected to the extent that he has gone before such excuse is made to appear of record.

Such terms will be imposed in each case as may be thought reasonable under all the circumstances to compensate him for his expense and labor in bringing such short record here, and pressing his motion founded thereon, up to the time that he has notice of the grounds relied upon by the appellant to excuse the delay or omission on his part. As to what the terms shall be when the motion is denied must be determined by the circumstances of each case. In the cases at bar we think that the ends of justice will be subserved by the imposition of a money penalty of twenty-five dollars in each case, to be paid by the appellant to the respondent within fifteen days. Upon the payment of such amount in each case the motion will be denied, otherwise it will be granted. In view of the time to elapse before the next session of this court, the further terms will be imposed of requiring the appellant in each case to file and serve his brief within fifteen days from this date.

STILES and SCOTT, JJ., concur.

DUNBAR, J. — I dissent. I do not think that in either case the requirements of the statute have been met, or that any legitimate excuse has been shown for the failure.

ANDERS, C. J., concurs.